Bernard CASTLEMAN, Plaintiff-Appellant,

v.

ALAMO PLAZA, INC., Defendant-Appellee.

No. 14507.

United States Court of Appeals Sixth Circuit.

Dec. 15, 1961.

Charles McBeth Murphy, Memphis, Tenn. (Murphy, Bratcher & Jarvis, Memphis, Tenn., of counsel), for plaintiff-appellant.

Edward P. A. Smith, Memphis, Tenn. (Graham Moore, Memphis, Tenn., on the brief; McDonald, Kuhn, McDonald, Crenshaw & Smith, Memphis, Tenn., of counsel), for defendant-appellee.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

Bernard Castleman, plaintiff-appellant, and Alamo Plaza, Inc., defendant-appellee, will be referred to herein as plaintiff and defendant, as they were in the District Court.

This appeal involves procedural questions.

The plaintiff, a resident of Tennessee, filed a complaint against the named defendant in the District Court, for the Western Division of the Western District of Tennessee, for damages for injuries alleged to have been sustained by reason of the negligence of the defendant. It is alleged that the defendant is a Texas corporation and that it operated, on or about July 16, 1960, a motel and a swimming pool in connection therewith, in the city of Memphis, Tennessee. Jurisdiction was claimed by virtue of diversity of citizenship.

Service of summons was had upon one Robert L. Farner, as manager of the named defendant corporation. This service appears to be valid upon its face but whether Alamo Plaza, Inc., a Texas corporation, is actually in court depends on the status of Mr. Farner in connection with that corporation.

Various proceedings were had in the District Court which are not of consequence on this appeal.

An answer was filed by Alamo Plaza of Memphis, Inc., as defendant. In this answer it is denied that the name of the defendant is Alamo Plaza, Inc. and that the defendant is a Texas corporation. It is alleged therein that the true name of the defendant is Alamo Plaza of Memphis, Inc., and that it is a corporation of the state of Tennessee.

No leave was requested or granted for the filing of this answer. Motions were made on behalf of the plaintiff to strike the answer from the files and for default judgment. Both motions were overruled.

Alamo Plaza of Memphis, Inc., having filed an answer, moved, through its attorney, to dismiss the action for the reason that there ws no diversity of citizenship. This motion was supported by an affidavit of Robert L. Farner, who had been served with summons. In this affidavit, Mr. Farner, with commendable frankness, alleged all facts necessary for an action against the Alamo Plaza of Memphis, Inc. He left in issue only the questions of the happening of the accident and the negligence of the Tennessee corporation. He further denied that he had anything to do with a Texas corporation, by the name of Alamo Plaza, Inc., or that such a corporation owned, operated or had anything to do with the motel in Memphis where the plaintiff claimed to have been injured.

In this state of the record, it is apparent why counsel for the Tennessee corporation considered, as he evidently did, that there was a mere confusion in names and that the Memphis company

was the real defendant. It is apparent, too, that the District Judge, in sustaining the motion to dismiss, thought that the plaintiff had named the true defendant by the wrong name and that the information contained in the affidavit of Farner solved the problem.

In spite of this information, counsel for the plaintiff contends that there is a Texas corporation as named in the complaint, that Farner is its representative and that service on him brought the named defendant, Alamo Plaza, Inc., into court.

The affidavit of Farner presented a question of fact whether Farner was in truth and in fact a representative of such a Texas corporation. Plaintiff had a right to have this question determined. If there is valid service on such a corporation, plaintiff has a right to try to prove his cause against it.

With the affidavit of Farner on the record, the District Judge is put on notice that there is or may be some confusion as to parties or service or both. Alamo Plaza of Memphis, Inc., a Tennessee corporation, has no standing to file an answer or motion to dismiss the action in the present posture of the case, since it was not named as a defendant. The District Judge was in error in dismissing the action against the named defendant, a Texas corporation, on the answer of a Tennessee corporation, a stranger to the suit as filed. However, counsel for the plaintiff ought not be permitted to take a default judgment, as he claims he has a right to do, since the evidence now before the Court is that the person served as agent of the named defendant claims that he is not such an agent of that defendant alleged to be a Texas corporation.

In order to avoid needless litigation and to save later embarrassment of the parties, upon proper application, the District Judge should proceed to determine whether service of process has been obtained on the named defendant.

It is our conclusion that the judgment of dismissal should be vacated and that the District Judge should proceed in accordance with this opinion.